UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUMITOMO REALTY & DEVELOPMENT CO., LTD, ) ) ) | |
| Plaintiff, ) | Case No.: 2:19-cv-01899-GMN-VCF |
| vs. ) ) | **ORDER** |
| TEKURO KAMADA PROCTOR, ) ) | |
| Defendant. ) | |

Pending before the Court is the Motion for Leave to File Amended Complaint, (ECF No. 9), filed by Plaintiff Sumitomo Realty & Development Co., Ltd. ("Plaintiff"). Defendant Tekuro Kamada Proctor ("Defendant") did not file a response in opposition. For the reasons discussed below, Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

**I.         BACKGROUND**

On October 28, 2019, Plaintiff filed the Complaint before this Court alleging an action for recognition of a foreign final judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act as adopted and codified in NRS 17.700 *et seq*., "and pursuant to the principals of international comity." (Compl. ¶ 1, ECF No. 1). In particular, the Complaint alleges that Defendant was properly served with a Japanese complaint, in accordance with the Hague Convention, and a judgment was entered by the Tokyo District Court against Defendant in the amount of $682,265.93. (*Id.* ¶¶ 17, 18). The Complaint further alleges that the judgment is final and conclusive, and is entitled to recognition and enforcement by this Court. (*Id.* ¶¶ 24, 25).

///

## II.     LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, the court has discretion to grant leave and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). When determining whether to grant leave to amend under Rule 15(a), a court should consider: (1) undue delay; (2) undue prejudice to the opposing party; (3) whether the request is made in bad faith; and (4) whether the amendment would be futile. *Leadsinger, Inc. v. BMG Music Pnbl'g*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted).

## III.    DISCUSSION

In its Motion, Plaintiff seeks to correct a scrivener's error. (Pl.'s Mot. to Am. at 1, ECF No. 9). Plaintiff explains that paragraph 15 of the Complaint incorrectly alleges the Japanese complaint at issue was filed on or about July 17, 2017. (*Id.*). However, the Japanese complaint was filed on June 23, 2017. (*Id.* at 2). Plaintiff indicates that its error "resulted from incorrectly using the July 11, 2017 date on which its Petition to Revise the Japanese Complaint was filed[.]" (*Id.*). "To ensure a correct record and avoid confusion in the future, Plaintiff requests leave to file an amended complaint to correct Plaintiff's scrivener's error." (*Id.*). Further, Plaintiff represents that "[t]he amendment will not prejudice Defendant or produce undue delay, and it is neither futile nor sought in bad faith." (*Id.*). Defendant has not filed a response in opposition, and therefore, consents to the granting of Plaintiff's Motion. *See* D. Nev. LR 7-2(a)

("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). In light of the strong presumption in favor of granting leave to amend, and Defendant's consent to the same, the Court finds good cause to grant Plaintiff's Motion for Leave to File Amended Complaint.[1]

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 9), is **GRANTED**. Plaintiff shall have ten (10) days from the entry of this Order to file the Amended Complaint separately on the docket.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 6), is **DENIED as moot**. The Court denies this motion without prejudice.

**DATED** this  28  day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Also before the Court is Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 6). "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). As Defendant's Motion pertains to the original Complaint, the Court denies it without prejudice as moot. Defendant may refile her motion with respect to the operative amended complaint.