# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SUMITOMO REALTY & DEVELOPMENT CO., LTD., <br><br> Plaintiff, <br> vs. <br><br> TERUKO KAMADA PROCTOR, a deceased individual, and SUSAN HOY in her capacity as the Personal Representative of THE ESTATE OF TERUKO KAMADA PROCTOR, <br><br> Defendant. | 2:19-cv-01899-GMN-VCF <br><br> **Report and Recommendation** <br><br> MOTION FOR ATTORNEY'S FEES [ECF NO. 46]; OBJECTION TO BILL OF COSTS [ECF NO. 47] |

Plaintiff Sumitomo Realty & Development Co., Ltd. filed a motion for attorney's fees and a bill of costs. ECF Nos. 45 and 46. Defendant the Estate of Teruko Kamada Proctor and Susan Hoy in her capacity as the personal representative of the estate, filed an objection to the bill of costs. ECF No. 47. I recommend that the plaintiff's motion for attorney's fees be granted and that the defendant's objection to the bill of costs be denied. ECF Nos. 46 and 47.

**I.    Background**

Plaintiff Sumitomo brought this action against Proctor to enforce a money judgment of a Japanese Court. ECF No. 1. Defendant Proctor passed away and the parties stipulated to substitute Susan Hoy as the personal representative of the estate. ECF No. 35. I held a hearing on plaintiff's motion to enforce the settlement agreement, which I granted in part. ECF No. 40. Per my order the parties filed a consent judgment. ECF No. 44. It is undisputed that the plaintiff is entitled to attorney's fees and costs

1

per the agreement. The defendant disputes only the amount. The instant motion and objection lay out the parties' disagreement on the amounts. ECF Nos. 46 and 47.

## II. Analysis

### a. Legal Standard

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorneys' fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). A Nevada trial court "may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc*., 122 Nev. 409, 132 P.3d 1022, 1028 (Nev. 2006), see also *Liu v. Christopher Homes, LLC*, 321 P.3d 875, 877 (Nev. 2014).

Nevada provides courts with vast discretion in determining what a reasonable fee is, tempered "only by reason and fairness." *Schuette v. Beazer Homes Holdings Corp*., 124 P.3d 530, 548-49 (2005) (internal citation omitted). Courts generally apply the lodestar approach to calculating fees, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." Id. at 549 & n.98 (quotation omitted).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See *Hensley v. Eckhart*, 461 U.S. 424, 433-434 (1983). The Nevada Supreme Court articulated four factors to be applied when assessing requests for attorneys' fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the

>importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 33, 33-34 (Nev. 1969). The trial court may exercise its discretion when determining the value of legal services in a case. *Id*.

While a trial court applying Nevada law must utilize *Brunzell* to assess the merits of a request for attorneys' fees, that court is not required to make findings on each factor. *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015). "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), superseded by statute on other grounds as discussed in *RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)). "The Ninth Circuit has established that travel time and clerical tasks are reasonably compensated at normal hourly rates if such is the custom in the relevant legal market." *Comcast of Ill. X, LLC v. Jung Kwak*, 2010 U.S. Dist. LEXIS 105809, 2010 WL 3781768 at 6 (D. Nev. Sept. 17, 2010) (citing *Davis* 976 F.2d at 1543). The Local Rules for the United States District Court, District of Nevada, impose further procedural requirements on motions for attorneys' fees and costs. See LR 54-1, 54-14.

Local Rule 54-14 requires any application for attorneys' fees to include an attorney affidavit, "a reasonable itemization and description of the work performed[,]" and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. An opposition to a motion for attorneys' fees "must set forth the specific charges that are disputed," "state with reasonable particularity the basis for the opposition" and "include affidavits to support any contested fact." The Ninth Circuit has cautioned that, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive,

3

it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

### b. Analysis

The defendant concedes that plaintiff is entitled to fees and costs under the settlement agreement but argues that their costs were unreasonably high. ECF No. 48. Employing the lodestar approach, plaintiff Sumitomo requests $172,318.50 in attorney's fees and $6,838.60 in costs it incurred in prosecuting this case, and it provides the necessary supporting documentation to sustain its fee request. ECF No. 46. "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). While defendant challenges plaintiff's request, the defendant has neither filed an affidavit to support any contested fact nor otherwise met his burden to state with reasonable particularity why the *Brunzell* factors do not support a finding that plaintiff's calculated fees and costs are reasonable.

For example, the defendant argues that on February 3, 2021, defense counsel communicated to plaintiff's counsel that he had been having difficulty locating his client and could not respond to discovery. ECF No. 48 at 6. Defense counsel argues it was thus "unnecessary" for the plaintiff to retain an expert a few days later, on February 6, 2021 and to file a motion to compel on March 15, 2021. *Id.*[1] Defendant also argues that it was unnecessary for the plaintiff to bill time to obtain a death certificate since counsel could have obtained a copy from the estate attorney. *Id.* Plaintiff argues in response that it

---

[1] At this point in the litigation, plaintiff did not know that the defendant had died. On April 18, 2021, the plaintiff learned that the defendant had passed away on March 1, 2021. See plaintiff's limited objection to defendant's motion to withdraw at ECF No. 29 at 1.

4

did attempt to obtain a copy from the estate attorney but received no response. ECF No. 50 at 12.

Defendant does not state with reasonable particularity why the plaintiff's fees were unreasonable. Rather defendant argues that counsel's litigation decisions, such as the timing of hiring an expert, filing a motion to compel, and how it obtained the death certificate, were unreasonable. The plaintiff's attorney had a duty to prosecute this case. Defendant also disputes various billing entries as clerical or mischaracterized as "costs" rather than fees, but again, the defendant has not filed an affidavit to support any contested fact and has not met the burden here. Plaintiff, on the other hand, adequately provides supporting documentation that it actually incurred and billed the fees and costs associated with litigating this case. There is no dispute that the billing rates have been approved in this community. I find that plaintiff's requested fees and costs are reasonable and recommend awarding the full amount.

I RECOMMEND that plaintiff's motion for attorney's fees (ECF No. 46) be GRANTED

I FURTHER RECOMMEND that the defendant's objection to the bill of costs (ECF No. 47) be DENIED.

I FURTHER RECOMMEND that an Amended Judgment be entered in favor of plaintiff and against the defendant, and that defendant be liable for the judgment amount of $810,942.40, attorney's fees in the amount of $172,318.50, and costs in the amount of $6,838.60, totaling $990,099.50.

IT IS SO RECOMMENDED.

DATED this 23rd day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE